# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

SAMANTHA DOTSON,          \*     No. 23-227V

                        \*

                        \*

             Petitioner,     \*

                        \*     Special Master Christian J. Moran

v.                      \*

                        \*     Filed: January 10, 2024

SECRETARY OF HEALTH     \*

AND HUMAN SERVICES,     \*

                        \*

             Respondent.    \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Daisy Mazoff, Siri & Glimstad LLP, for petitioner;
Rachelle Bishop, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

      Ms. Samantha Dotson alleged that the influenza vaccine and COVID-19 vaccine she received on December 16, 2021 caused her to develop autoimmune hepatitis.  Pet., filed Feb. 15, 2023.  On December 21, 2023, Ms. Dotson moved for a decision dismissing her petition.

## I.      Procedural History

      Ms. Dotson (petitioner) filed a petition on February 15, 2023.  The case was reassigned to the undersigned in June 2023, and thereafter a comprehensive initial order was issued.  A status conference was held in late June 2023 during which the undersigned reviewed the deadlines set out in the initial order and encouraged petitioner's counsel to review some autoimmune hepatitis cases.  Order, issued July 18, 2023.  Petitioner's counsel also advised the undersigned that petitioner had filed a claim in the Countermeasures Injury Compensation Program for the COVID-19 vaccine.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

After the status conference, the undersigned proposed a set of instructions, which were then made final in August 2023.

The Secretary submitted a Rule 4(c) Report in September 2023, contesting that the influenza vaccine caused petitioner's autoimmune hepatitis.

On December 21, 2023, petitioner moved for a decision dismissing her petition, stating that "[a]s this case developed, it has now become clear that [p]etitioner is unlikely to prevail based on the developing science and information regarding the administration of the flu vaccine, the COVID-19 vaccine, and the development of autoimmune hepatitis." Pet'r's Mot., filed Dec. 21, 2023. Petitioner "understands that a decision from the Special Master dismissing the Petition will result in a final judgment against her." Id. Petitioner "plans to elect to reject the VICP judgment against her and preserve her option to file a civil action." Id. This matter is now ready for adjudication.

II.     **Analysis**

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, petitioner filed medical records in support of her claim, but nonetheless, wishes to have her claim dismissed and judgment entered against her. Though petitioner did not cite to a specific rule when filing this motion, the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa-21(b) (regarding involuntary dismissal), given petitioner's clear intent that a judgment be issued in this case, protecting her right to file a civil action in the future. See Pet'r's Mot., filed Dec. 21, 2023.

To conform to section § 300aa-12(d)(3), a decision must "include findings of fact and conclusions of law." Here, although the parties were in the process of presenting arguments, the evidence weighs against a finding that the influenza vaccine caused the autoimmune hepatitis. Without a showing that the vaccine allegedly caused petitioner's condition, the case must be denied. Althen v. Sec'y of Health & Hum. Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005).

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master